## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **DONALD ANDREW BESS, JR.,**<br>*Petitioner*,<br><br>v.<br><br>**LORIE DAVIS, Director,**<br>Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>*Respondent*. | Case No. 3:16-CV-1150-S<br><br><br>**Capital Case** |

## MOTION TO ALTER OR AMEND JUDGMENT

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit
jeremy_schepers@fd.org

David Currie (TX 24084240)
Assistant Federal Public Defender
david_currie@fd.org

Federal Public Defenders Office
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 facsimile

Jonathan E. Broun
North Carolina Prisoner Legal Services
1110 Wake Forest Road
Raleigh, North Carolina 27611
919.856.2220
919.856.2223 facsimile
North Carolina Bar No. 18108
Jonathan.E.Broun@gmail.com

*Counsel for Petitioner*

# Table of Contents

Table of Contents..........................................................................................................i

Table of Authorities ....................................................................................................ii

Motion to Alter or Amend Judgment .......................................................................1

    A.  Federal Rule of Civil Procedure 59(e) allows courts to correct manifest factual or legal errors and permits petitioners to present newly discovered evidence..................................................................................................................1

    B.  This Court erred by applying 28 U.S.C. § 2254(d) in a manner inconsistent with the statute and *Wilson v. Sellers*. ...............................................................2

        1.    This Court used an incorrect legal standard when resolving claims for relief adjudicated on the merits in state court....................................................2

            a.    When determining whether 28 U.S.C. § 2254(d) is satisfied, a federal court must review the reasonableness of the specific reasons given by the state court for denying relief..........................................................................2

            b.    This Court incorrectly stated it could not review the specific reasons given by the state court when making its 28 U.S.C. § 2254(d) assessment.. 6

        2.    When assessing the reasonableness of the state court's factual and legal determinations under 28 U.S.C. 2254(d), this Court relied on reasoning not utilized by the state court. ..................................................................................8

            a.    This Court incorrectly relied on reasons other than those used by the state court in conducting its § 2254(d) assessment of Claim V.B. ...............8

            b.    This Court incorrectly relied on reasons other than those used by the state court in conducting its § 2254(d) assessment of Claim IX..................14

    C.  This Court should alter or amend the judgment and provide the specific rationales for denying all of Mr. Bess's claims, some of which were omitted from the Memorandum Opinion and Order. ................................................................15

    D.  The Supreme Court has granted *certiorari* on a potentially relevant issue, and Mr. Bess requests this Court defer adjudication of this motion if this Court finds the question under consideration is implicated here................................16

    E.  Conclusion and prayer for relief. ................................................................18

# Table of Authorities

**Page(s)**

**Cases**

*Ake v. Oklahoma,*
  470 U.S. 68 (1985) ................................................................. 9

*Anderson v. State,*
  301 S.W.3d 276 (Tex. Crim. App. 2009)........................... 9, 10

*Banister v. Davis,*
  139 S. Ct. 2742 (2019) ................................................ 16, 17, 18

*Banister v. Davis,*
  No. 17-10826, Slip op. (5th Cir. 2018) ............................ 16, 17

*Banister v. Davis,*
  No. 5:14-cv-00049 (N.D. Tex. 2017) ............................... 16, 17

*Bess v. State,*
  2013 WL 827479 (Tex. Crim. App. 2013) ..................... 6, 9, 10

*Ex parte Bess,*
  2016 WL 1470356 (Tex. Crim. App. 2016).......................... 7

*Brady v. Maryland,*
  373 U.S. 83 (1963) ............................................................... 15

*Broadnax v. Davis,*
  2019 WL 3302840 (N.D. Tex. 2019) ..................................... 8

*Browder v. Director, Dep't of Corrs. of Ill.,*
  434 U.S. 257 (1978) ............................................................... 1

*Cueva v. Davis,*
  750 F. App'x 330 (5th Cir. 2018) .......................................... 5

*Cullen v. Pinholster,*
  563 U.S. 170 (2011) ............................................................... 3

*Devoe v. Davis,*
  2016 WL 5408169 (W.D. Tex. 2016) ..................................... 8

*Gardner v. Davis,*
  779 F. App'x 187 (5th Cir. 2019) .......................................... 5

ii

*Giglio v. United States,*
    405 U.S. 150 (1972) ............................................................................... 15

*Gilkers v. Vannoy,*
    904 F.3d 336 (5th Cir. 2018) ............................................................. 5, 6

*Gonzalez v. Crosby,*
    545 U.S. 524 (2005) .............................................................................. 17

*Green v. Davis,*
    414 F. Supp.3d 892 (N.D. Tex. 2019) ................................................... 8

*Harrington v. Richter,*
    562 U.S. 86 (2011) .................................................................................. 4

*Hittson v. Chatman,*
    135 S. Ct. 2126 (2015) ........................................................................... 3

*Langley v. Prince,*
    926 F.3d 145 (5th Cir. 2019) ................................................................ 5

*Napue v. Illinois,*
    360 U.S. 264 (1959) .............................................................................. 15

*Panetti v. Quarterman,*
    551 U.S. 930 (2007) ................................................................................ 3

*Porter v. McCollum,*
    558 U.S. 30 (2009) .................................................................................. 4

*Prieto v. Dretke,*
    386 F. Supp. 2d 767 (W.D. Tex. 2005) ................................................. 8

*Rompilla v. Beard,*
    545 U.S. 374 (2005) ................................................................................ 4

*Smith v. Cain,*
    708 F.3d 628 (5th Cir. 2013) ................................................................ 3

*Smith v. Davis,*
    927 F.3d 313 (5th Cir. 2019) ................................................................ 5

*Strickland v. Washington,*
    466 U.S. 688 (1984) .............................................................................. 15

*Sumner v. Shuman,*
    483 U.S. 66 (1987) ................................................................................ 15

*Taylor v. Illinois,*
    484 U.S. 400 (1988) ...................................................................... 9, 10

*Thomas v. Vannoy,*
    898 F.3d 561 (5th Cir. 2018) ................................................................. 5

*In re Transtexas Gas Corp.,*
    303 F.3d 571 (5th Cir. 2002) ................................................................. 1

*Uranga v. Davis,*
    893 F.3d 282 (5th Cir. 2018) ................................................................. 5

*Wiggins v. Smith,*
    539 U.S. 510 (2003) ............................................................................... 4

*Wilson v. Sellers,*
    138 S. Ct. 1188 (2018) ................................................................*passim*

**Statutes**

28 U.S.C. § 2254 ........................................................................................ 1

28 U.S.C. § 2254(d) ...........................................................................*passim*

28 U.S.C. § 2254(d)(1)-(2) ....................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 59(e) ................................................................. 1, 2, 16, 17

Fed. R. Civ. P. 60(b) ............................................................................... 17

U.S. CONST. amend. VIII ........................................................ 10, 11, 14, 15

## Motion to Alter or Amend Judgment

Petitioner, Donald Andrew Bess, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, files this motion to alter or amend the judgment to correct manifest legal errors regarding this Court's resolution of several of his claims for federal habeas corpus relief. In support thereof, Mr. Bess shows the following:

**A.    Federal Rule of Civil Procedure 59(e) allows courts to correct manifest factual or legal errors and permits petitioners to present newly discovered evidence.**

Mr. Bess was convicted of capital murder and sentenced to death in state court and is seeking relief from his conviction and sentence pursuant to 28 U.S.C. § 2254. Doc. 23. On March 23, 2020, this Court entered a Memorandum Opinion and Order denying relief on all of Mr. Bess's claims, and denying a certificate of appealability. Doc. 65. Final judgment was entered the same day.[1] Doc. 66. Mr. Bess now asks that this Court alter or amendment its judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) motions are "thoroughly consistent with the spirit of the habeas corpus statutes." *Browder v. Director, Dep't of Corrs. of Ill.*, 434 U.S. 257, 271 (1978). A motion filed under Rule 59(e) is one that "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It is used "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal quotation omitted). A motion to alter or amend a judgment must be filed

---

[1] Although the orders denying habeas corpus relief and entering judgment were both signed on March 23, 2020, they were not entered on this Court's docket, and served on counsel, until March 24, 2020. *See* Docket Entry Notations for Docs. 65 and 66.

1

within twenty-eight days of judgment being entered. Fed. R. Civ. P. 59(e). This motion is both proper and timely filed.

**B.      This Court erred by applying 28 U.S.C. § 2254(d) in a manner inconsistent with the statute and *Wilson v. Sellers*.**

Before it may grant relief on a claim that was adjudicated on the merits in state court, a federal court must determine whether the petitioner has satisfied one of the relitigation bar requirements under 28 U.S.C. § 2254(d). This generally requires a showing that the state court's decision was unreasonable, either factually or legally. In making this determination, the court must "review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, rather than "train[ing] its attention on the particular reasons . . . why [the] state court[] rejected" Mr. Bess's claims, as required by *Wilson*, *id.* at 1191 (internal quotations omitted), this Court refused to consider the state court's reasoning and instead "focus[ed] exclusively on the propriety of the ultimate decision reached by the state court," providing its own reasons in support thereof. Doc. 65 at 30. This Court's improper application of § 2254(d) is manifest legal error that should be corrected.

**1.      This Court used an incorrect legal standard when resolving claims for relief adjudicated on the merits in state court.**

**a.      When determining whether 28 U.S.C. § 2254(d) is satisfied, a federal court must review the reasonableness of the specific reasons given by the state court for denying relief.**

In federal habeas corpus review, the relitigation bar of 28 U.S.C. § 2254(d) must be met before a federal court can grant relief on a claim that was adjudicated on the merits by the state court. To satisfy the relitigation bar, the state court

adjudication must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). This question is independent from whether the petitioner is entitled to relief on the merits. *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires."); *Smith v. Cain*, 708 F.3d 628, 635 (5th Cir. 2013) (finding that if a federal court determines that § 2254(d) is satisfied, it may hold a hearing and consider evidence outside the state court record). When assessing whether § 2254(d) is satisfied, a federal court is limited to the record before the state court when it adjudicated the merits of the claim. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Similarly, a federal court's § 2254(d) review is limited to the specific reasons articulated by the state court in reaching its conclusions. The statute "requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate deference to that decision." *Wilson*, 138 S. Ct. at 1191–92 (quoting *Hittson v. Chatman,* 135 S. Ct. 2126 (2015) (Ginsburg, J., concurring in denial of certiorari)). In *Wilson*, the Supreme Court explained that the § 2254(d) assessment

"is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* at 1192. When the state court has explained the rationale for its decision, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* This is well-settled law and the Supreme Court has "affirmed this approach time and again." *Id.* (citing *Porter v. McCollum*, 558 U.S. 30, 39–44 (2009); *Rompilla v. Beard*, 545 U.S. 374, 388–92 (2005); *Wiggins v. Smith*, 539 U.S. 510, 523–38 (2003)).

*Wilson* addressed the situation where a federal court reviews a decision from the state's highest court that does not explain its reasoning for denying relief, but where a lower state court has articulated its reasoning for the denial. In that instance, federal courts have been clearly instructed to "look through the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson*, 138 S. Ct. at 1192 (internal quotation marks omitted). A federal court must assume that the unexplained decision utilized the same reasoning as the explained decision, subject to rebuttal. *Id.*

The Supreme Court made clear that the framework outlined in *Harrington v. Richter*, 562 U.S. 86 (2011), is not applicable where the "look through" presumption exists. Under *Richter*, when a reasoned state court decision does not exist, a federal court may "imagine what might have been the state court's supportive reasoning." *Wilson*, 138 S. Ct. at 1195. However, the *Richter* "could have supported" framework does not apply when a lower state court's reasoned decision was adopted by the

highest state court. *Id.* When the "look through" presumption applies, a federal habeas court cannot invent reasons not articulated by the state court when conducting its § 2254(d) assessment. That is, when the highest state court either issues its own reasoned opinion or adopts the reasoned opinion of a lower state court, the federal court must base its § 2254(d) review on the state court's articulated reasons for denying the petitioner's claims.

As it must, the Fifth Circuit has adopted the *Wilson* framework for determinations of whether the relitigation bar of § 2254(d) is satisfied:

> The Supreme Court recently explained in its decision in *Wilson v. Sellers* that applying the AEDPA deferential standard found in § 2254(d) "requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate deference to that decision." When the relevant state court decision on the merits does not provide reasons, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." The federal habeas court "should then presume that the unexplained decision adopted the same reasoning."

*Gilkers v. Vannoy*, 904 F.3d 336, 344–45 (5th Cir. 2018) (quoting *Wilson*, 138 S. Ct. at 1191–92); *see also Gardner v. Davis*, 779 F. App'x 187, 189 (5th Cir. 2019) (applying the *Wilson* framework); *Smith v. Davis*, 927 F.3d 313, 321 (5th Cir. 2019) (same); *Cueva v. Davis*, 750 F. App'x 330, 333 n.2 (5th Cir. 2018) (same); *Uranga v. Davis*, 893 F.3d 282, 287 n.33 (5th Cir. 2018) (same); *Langley v. Prince*, 926 F.3d 145, 168 (5th Cir. 2019) (en banc) (citing *Wilson* for the proposition that "[u]nder AEDPA's relitigation bar, the state court's reasoning can matter"); *Thomas v.* Vannoy, 898 F.3d 561, 568–69 (5th Cir. 2018) (questioning "[t]he continued viability" of the Fifth

5

Circuit's previous approach to § 2254(d) after *Wilson*, but declining to address the issue further because the "look through" presumption did not apply.)

> ### b. This Court incorrectly stated it could not review the specific reasons given by the state court when making its 28 U.S.C. § 2254(d) assessment.

This Court erred by failing to "look through" to the trial court's findings of fact and conclusions of law when reviewing the reasonableness of the Texas Court of Criminal Appeals's ("CCA") rejection of the claims Mr. Bess raised in state habeas and by not assessing the reasonableness of the specific reasons given by the CCA for claims raised on direct appeal. *See Gilkers*, 904 F.3d at 344. In its order denying habeas relief, this Court stated that it "focus[ed] exclusively on the propriety of the ultimate decision reached by the state court," and did not "evaluate the quality, or lack thereof, of the state court's written opinion." Doc. 65 at 30. The standard articulated by this Court is precisely what the Supreme Court rejected in *Wilson*. This was manifest legal error that should be corrected.

In Mr. Bess's case, there are two subsets of claims that were adjudicated on the merits by the state courts—those raised on direct appeal and those raised during state habeas. Prior to assessing whether § 2254(d) is met for those claims, this Court was required to identify the pertinent reasoned state court decision. For claims adjudicated on the merits on direct appeal, the CCA's opinion states the reasons for denying relief, and this Court must look to those reasons when determining whether the relitigation bar is satisfied. *See Bess v. State*, 2013 WL 827479 (Tex. Crim. App. March 6, 2013).

6

The process contains an additional step for claims adjudicated on the merits in state habeas. Here, the CCA denied Mr. Bess habeas relief in an unexplained opinion. *Ex parte Bess*, 2016 WL 1470356 (Tex. Crim. App. April 13, 2016). In pertinent part, that opinion merely states that "[t]his Court has reviewed the record with respect to the allegations made by applicant. *Based upon the trial court's findings and conclusions* and our own review, we deny relief." *Id.* at *1 (emphasis added). Under *Wilson*, this Court must "look through" that unexplained decision to the last reasoned state court decision. 138 S. Ct. at 1192. In Mr. Bess's case, the last reasoned state court decision is the trial court's order adopting the State's Proposed Findings of Fact and Conclusions of Law, which provided the rationale for its denial of relief.

Having identified the pertinent decision containing the state court's reasons for denying relief, this Court must "simply review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." *Id.* If the state court's rationale was not reasonable, then § 2254(d) has been satisfied and this Court should proceed to a full merits review of the claims. Instead of doing so, however, this Court used a framework directly at odds with *Wilson*. Rather than reviewing the state court's specific reasoning, this Court held that it *could not* do so. In the Standard of Review section of the Memorandum Opinion and Order, this Court stated, citing a pre-*Wilson* case:

> In this Circuit, a federal habeas court reviewing a state court's rejection on the merits of a claim for relief pursuant to AEDPA must focus exclusively on the propriety of the ultimate decision reached by the state court, and may not evaluate the quality, or lack thereof, of the state court's written opinion supporting its decision. *See Evans v. Davis,* 875 F.3d 210, 216-17 (5th Cir. 2017), *cert. denied*, 139 S. Ct. 78 (2018).

Doc. 65 at 30.[2]

This Court's reliance on pre-*Wilson* precedent from the Fifth Circuit was misplaced. This Court should correct this manifest legal error by altering or amending its judgment and conducting, anew, its assessment of claims adjudicated on the merits by the state courts. Specifically, Claims V.B, VI, VII, IX, X, and XI were adjudicated on the merits by the state courts and should be reassessed within the correct legal framework.

## 2. When assessing the reasonableness of the state court's factual and legal determinations under 28 U.S.C. 2254(d), this Court relied on reasoning not utilized by the state court.

In several instances, this Court—contrary to *Wilson*'s instruction—based its § 2254(d) analysis on hypothetical reasoning that does not appear in the pertinent state court opinion.

### a. This Court incorrectly relied on reasons other than those used by the state court in conducting its § 2254(d) assessment of Claim V.B.

### i. The state court's reasoning.

Claim V.B in Mr. Bess's First Amended Petition alleges that the trial court violated his due process rights when it precluded Dr. Mark Vigen from testifying to statements made by prison guards who had positive interactions with Mr. Bess. Doc.

---

[2]A Westlaw search shows that this sentence, excluding the citation, appears verbatim in forty-four opinions issued by the Western District of Texas. Forty-three of those opinions predated *Wilson* and were issued between July 7, 2005 and September 27, 2016. *See, e.g.*, *Prieto v. Dretke*, 386 F. Supp. 2d 767, 786 (W.D. Tex. July 7, 2005), *rev'd in part sub nom. Prieto v. Quarterman*, 456 F.3d 511 (5th Cir. 2006); *Devoe v. Davis*, 2016 WL 5408169, at *12 (W.D. Tex. Sept. 27, 2016). It similarly appears verbatim in two other opinions in this district, but not until July 23, 2019—which is after *Wilson* was issued. *Broadnax v. Davis*, 2019 WL 3302840, at *7 (N.D. Tex. July 23, 2019); *see also Green v. Davis*, 414 F. Supp. 3d 892, 907 (N.D. Tex. Sept. 27, 2019).

23 at 71–74. Mr. Bess properly objected to the exclusion of this testimony at trial. 51 RR 58–59. The exclusion of this testimony was raised on direct appeal as points of error twenty-seven and twenty-eight. The CCA rejected the due process claim on the merits, denying relief on the grounds that Mr. Bess had failed to subpoena the guards he claimed would not testify voluntarily and did not cross-examine a guard called by the State to elicit favorable information given to Dr. Vigen. *Bess*, 2013 WL 827479, at *35–36. Mr. Bess asserted that he could not subpoena the guards because in order to secure their cooperation with his experts, the experts had to promise that the guards would not be called to testify. *Id.* at 35. The CCA rejected this assertion, holding that it could not "find support for Appellant's claim that he had to promise to not subpoena corrections officers." *Id.*

In denying relief, the CCA relied on *Taylor v. Illinois*, 484 U.S. 400 (1988), and *Anderson v. State*, 301 S.W.3d 276 (Tex. Crim. App. 2009).[3] It held that "[b]y its very nature, compulsory process 'requires that its effective use be preceded by deliberate planning and affirmative conduct.'" *Bess*, 2013 WL 827479, at *35 (quoting *Taylor*, 484 U.S. at 410). In *Taylor*, the trial judge refused to allow a defense witness to testify as a sanction for a discovery violation. In that case, there was evidence that defense counsel had intentionally withheld the name of the witness for a strategic advantage and engaged in "willful misconduct" that impacted the "integrity of the judicial process itself." *Id.* at 416–17. The Supreme Court held the defendant had not been denied his right to compulsory process under those circumstances.

---

[3] The CCA additionally rejected Mr. Bess's assertion that the exclusion of the testimony implicated *Ake v. Oklahoma*, 470 U.S. 68 (1985).

9

Further, the CCA held that "the right to compulsory process can be forfeited if the defendant fails to invoke it." *Bess*, 2013 WL 827479, at *35 (citing *Anderson*, 301 S.W.3d at 280). On state law grounds in *Anderson*, the CCA expanded *Taylor*. In *Anderson*, the CCA rejected the appellant's assertion that a "due process exception" existed to the statutory state-law requirements for filing a continuance motion. 301 S.W.3d at 277. The court further noted that "compulsory process rights are subject to procedural default." *Id.* at 280 (citing *Taylor*, 484 U.S. at 410). It did so without assessing whether the defense lawyer committed "willful misconduct" that impacted the "integrity of the judicial process itself," which underpinned the Supreme Court's *Taylor* reasoning. 484 U.S. at 416–17.

Mr. Bess raised the same due process claim and a related Eighth Amendment challenge as his fifth claim for relief in state habeas. The state habeas court found that the Eighth Amendment claim was procedurally barred as it was not raised at trial or on direct appeal. Doc. No. 23-3 ¶¶ 120, 125. Regarding the due process claim, the court found that it was raised and rejected on direct appeal and was procedurally barred in state habeas, because under Texas law claims that are raised and rejected on direct appeal generally cannot be relitigated in state habeas. *Id.* at ¶¶ 126–35.

After procedurally barring both the due process and Eighth Amendment claims, the state habeas court conducted an alternative merits analysis of the claims. Doc. No. 23-3 ¶¶ 136–71. Similarly to the CCA on direct appeal, it rejected Mr. Bess's assertion that he could not subpoena the guards, stating "[t]he Court finds applicant's assertion that his experts had to promise the guards that they would not be

subpoenaed to testify at trial is not accurate and that no promise was made to the guards." *Id.* at ¶ 145. The state habeas court found that Mr. Bess "had the power to subpoena these guards and chose not to utilize it" and "failed to prove that if he had subpoenaed any of the guards that the subpoenas would have been quashed or that the guards would have otherwise refused to appear." *Id.* ¶¶ 153–54. It recommended that the claims be denied based on Mr. Bess's failure to invoke his right to compulsory process, among other reasons. *Id.* at 156.

The state habeas court also held that any due process or Eighth Amendment violation would have been harmless. To support its harmlessness finding, the state habeas court noted that "a substantial amount of the information Dr. Vigen and Mr. Woods obtained during their interviews with the guards was admitted before the jury." *Id.* ¶ 166. The state habeas court also held that the excluded statements would have provided "little, if any, additional benefit" because "Dr. Vigen had already substantiated his opinion." *Id.* ¶ 168. In sum, the state habeas court's alternative merits analysis was that there was no error, or that any such error was harmless. *Id.* at ¶ 170.

### ii. This Court did not limit its § 2254(d) review to the specific reasons given by the state court.

This Court identified the correct decision to review under § 2254(d), which is the CCA's opinion on direct appeal where the state court adjudicated the merits of the claim. Doc. 65 at 48, 51–52. In concluding that the CCA had not applied the law unreasonably or contrary to Supreme Court precedent, or based its opinion on unreasonable fact-findings, this Court failed to conduct a proper assessment under

11

§ 2254(d) and *Wilson* in what it referred to as its "AEDPA Analysis." Rather, this Court improperly utilized the equivalent of *Richter*'s "could have supported" framework. The specific reasons given by the CCA on direct appeal for its denial of this claim was that there was no support for Mr. Bess's assertion that he had to promise that he would not subpoena guards and that he had forfeited his due process claim by failing to subpoena the guards. Under § 2254(d), the appropriate inquiry for this Court is whether the factual determination that there was no record support for Mr. Bess's claim that he had to promise not to subpoena the guards was reasonable, and whether the CCA's application of the governing law, and other constitutional principles, was either contrary to or an unreasonable application of clearly established Supreme Court precedent. Instead, this Court appears to have focused its reasonableness analysis on harmless error—which had no bearing on the CCA's resolution of this claim on direct appeal.[4]

This Court's analysis bears no resemblance to the state court's reasoning. While this Court concludes that "little-to-nothing was excluded" from Dr. Vigen's testimony, it focuses on considerations that are not present in the CCA's decision on direct appeal. For example, this Court held that "[n]othing in Dr. Vigen's excluded testimony was sufficient to counteract the aggravating impact (in terms of establishing future dangerousness) of the graphic testimony of Petitioner's ex-spouse and two of Petitioner's aggravated sexual assault victims given during the punishment phase of trial." Doc. 65 at 50. This Court further noted that "[t]hose

---

[4] Moreover, this also strayed far beyond the state habeas court's alternative merits analysis.

witnesses gave detailed and dramatic accounts of Petitioner's brutal physical and sexual assaults upon them, which featured Petitioner's use or threatened use of force and furnished a factual template from which the jury could readily have inferred how Petitioner used similar force or threats to induce Samota not to resist his effort to sexually assault her." *Id.* at 50–51. The CCA, however, did not hold that the exclusion of this testimony was harmless because it would have been insufficient to overcome the testimony regarding future dangerousness. This Court's reliance on that consideration to hold that the state court's rejection of these claims satisfied § 2254(d) was therefore contrary to *Wilson*.

This Court also concluded that "[t]he punishment phase evidence established that Petitioner was a remorseless, unrepentant, predator" and "[t]he evidence of Petitioner's capital offense was likewise compelling on the issue of future dangerousness" because "[p]etitioner stabbed Samota eighteen times, which even defense expert Dr. Traylor described as 'overkill.'" *Id.* at 51. In conducting its review, however, the CCA did not conclude that the evidence of the crime itself rendered the exclusion of the guard's testimony harmless.

Further, this Court also held that:

Had Dr. Vigen's hearsay testimony been admitted, the prosecution had a compelling counter-argument available: the fact that some TDCJ personnel who had met Petitioner during his decades of incarceration were unaware of his many acts of violent or threatening behavior, including his convictions for multiple sexual assaults in the free world, reflected the lack of knowledge of these individuals, as opposed to a lack of future dangerousness on Petitioner's part.

*Id.* at 51. This argument was also not relied on by the CCA. It was erroneous for this Court to concoct its own rationale for the state court's decision to reject Mr. Bess's

claims, and to conduct its § 2254(d) analysis of its own rationale, rather than reviewing the specific reasons given by the CCA.

>    **b.    This Court incorrectly relied on reasons other than those used by the state court in conducting its § 2254(d) assessment of Claim IX.**

This Court also incorrectly introduced reasoning not used by the state court in conducting the § 2254(d) analysis is Claim IX, which concerned pre-indictment delay. In this claim, Mr. Bess alleged that his due process and Eighth Amendment rights were violated. Doc. 23 at 87–89. This claim was presented in state habeas as Claim 1. The state habeas court determined that the claim was procedurally barred, but then made specific findings as to why the pre-indictment delay did not prejudice Mr. Bess. Doc. 23-3 ¶¶ 23–64. Because the "look through" presumption applies, this Court was required to focus on the specific reasons given by the state habeas court and later affirmed by the CCA. However, when conducting its § 2254(d) review, this Court again went outside of the specific reasons given by the state court. Doc. 65 at 38–40.

While some components of this Court's § 2254(d) analysis appropriately track the state court's reasoning, *see* Doc. 65 at 39–40, other parts do not. This Court reached the conclusion that "pre-indictment delay is neither more inherently advantageous nor prejudicial to either party in a capital prosecution" and that it can be harmful to the prosecution. *Id.* at 38. It then employed these broad reflections on pre-indictment delay, which are absent from the state court decision, as a basis to find that the state court decision passed the § 2254(d) reasonableness test. The state court did not rely or reflect on whether pre-indictment delay generally favors one side of a criminal case or the other, and these conclusions have no bearing on the § 2254(d)

14

question. This was error under *Wilson* because it relied on reasons other than those used by the state court. Because this Court employed the incorrect standard in conducting the § 2254(d) analysis, Mr. Bess respectfully requests that this Court alter or amend its judgment in compliance with *Wilson*.

**C.    This Court should alter or amend the judgment and provide the specific rationales for denying all of Mr. Bess's claims, some of which were omitted from the Memorandum Opinion and Order.**

At the conclusion of this Court's order, it states that "[a]ll relief requested in Petitioner's First Amended Petition and Reply Brief is **DENIED**." Doc. 65 at 118. There were several claims raised by Mr. Bess that were not specifically addressed in this Court's order. For example, Mr. Bess's Fourth Claim for relief contained four discrete sub-claims: (1) an Eighth Amendment claim based on *Sumner v. Shuman*, 483 U.S. 66, 73 (1987); (2) a due process claim based on *Napue v. Illinois*, 360 U.S. 264 (1959) and *Giglio v. United States*, 405 U.S. 150 (1972); (3) a due process claim based on *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) an ineffectiveness claim under *Strickland v. Washington*, 466 U.S. 688 (1984). Doc. No. 23 at 51–56. This Court's order, however, addresses only the *Napue/Giglio* and *Brady* claims. It does not address the Eighth Amendment or *Strickland* claim. To make a complete record of this Court's rationale for denying his claims, Mr. Bess respectfully requests that this Court alter or amend judgment to address the claims identified above.

**D.**    **The Supreme Court has granted *certiorari* on a potentially relevant issue, and Mr. Bess requests this Court defer adjudication of this motion if this Court finds the question under consideration is implicated here.**

Mr. Bess respectfully directs this Court's attention to the case of *Banister v. Davis*, 139 S. Ct. 2742 (June 24, 2019). Because the Supreme Court's decision in *Banister* will address the proper treatment of a timely-filed Rule 59(e) motion and when it can, if at all, be considered a successive petition, it may implicate this Court's resolution of this motion. Should this Court determine that *Banister* is implicated here, Mr. Bess requests that a decision on the motion be deferred until the Supreme Court issues its opinion in that case.

Gregory Dean Banister was sentenced to thirty years in prison after a Texas jury convicted him of aggravated assault with a deadly weapon. *Banister v. Davis*, Case No. 17-10826, Slip op. at 1 (5th Cir. May 8, 2018) ("Order Denying COA"). After exhausting his state court remedies, Banister filed a federal habeas petition raising several claims for relief, which the district court denied on May 15, 2017. Banister timely filed a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied on June 20, 2017. *Banister v. Davis*, Case No. 5:14-cv-00049, Order (N.D. Tex. Jun. 20, 2017). Thirty days later, on July 20, 2017, Banister filed a notice of appeal accompanied by an application for certificate of appealability ("COA"). Order Denying COA at 3. The Fifth Circuit denied the application on the ground that it lacked jurisdiction over the appeal. *Id.* at 4.

In reaching its conclusion, the Court reasoned that, although the Rule 59(e) motion was timely, it attacked the merits of the district court's reasoning in denying

16

his habeas petition and was therefore properly characterized as a successive federal habeas petition rather than a motion for relief from judgment. *Id.* at 3. In essence, the Court subjected Banister's Rule 59(e) motion to the Supreme Court's rules governing the distinction between proper Rule 60(b) motions for relief from judgment and unauthorized successive petitions, laid out in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). As a result of the Court's opinion that the Rule 59(e) motion was properly characterized as a successive habeas petition, the notice of appeal was held to have been untimely because it was filed sixty-six days—rather than the statutory thirty days—after the district court's final judgment denying habeas relief. *Id.* at 3–4.

Banister filed a pro se petition for a writ of *certiorari*, which the Supreme Court granted to address "[w]hether and under what circumstances a timely Rule 59(e) motion should be recharacterized as a second or successive habeas petition under *Gonzalez v. Crosby*, 545 U.S. 524[] (2005)." The case is now fully briefed and oral argument was held December 4, 2019.

In an attempt to limit the potential impact of *Banister* on the litigation of the claims in his federal habeas petition moving forward, Mr. Bess will file his notice of appeal concurrently with the instant motion; thus, regardless of how this Court ultimately qualifies this motion, the statutory deadline for filing a notice of appeal will be satisfied. Nonetheless, the resolution of the question under the Supreme Court's consideration in *Banister* may well impact this Court's reasoning here.

Regardless of the resolution of *Banister*, the instant motion is not a successive petition. However, should the Court be inclined to treat this motion as an

17

unauthorized successive petition, Mr. Bess respectfully requests that this Court defer adjudication until the Supreme Court issues its opinion in *Banister*.

**E.     Conclusion and prayer for relief.**

For these reasons, Mr. Bess asks that this Court alter or amend its judgment pursuant to Rule 59(e).


Respectfully submitted this 20th day of April, 2020.


JASON D. HAWKINS                          /s/ Jonathan E. Broun
Federal Public Defender                    Jonathan E. Broun
                                           North Carolina Prisoner Legal Services
/s/ Jeremy Schepers                        1110 Wake Forest Road
Jeremy Schepers (24084578)                 Raleigh, North Carolina 27611
Supervisor, Capital Habeas Unit            919.856.2220
jeremy_schepers@fd.org                     919.856.2223 facsimile
                                           North Carolina Bar No. 18108
/s/ David Currie                           Jonathan.E.Broun@gmail.com
David Currie (24084240)
Assistant Federal Public Defender
david_currie@fd.org

Federal Public Defenders Office
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 facsimile

**Certificate of Service**

I, David C. Currie, hereby certify that on the 20th day of April, 2020, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, attention Erich Dryden.

/s/ David C. Currie

_____

David C. Currie

19